**Exhibit #6 - "Respondent-Drafted Illegal NDA"**

# BEFORE AN ARBITRATION PANEL OF THE
# AMERICAN ARBITRATION ASSOCIATION

---------------------------------------- x

AMERICAN ARBITRATION ASSOCIATION

FOX NEWS NETWORK, LLC,

         Claimant,

    v.

ANDREA TANTAROS,

         Respondent.

---------------------------------------- x

ANDREA TANTAROS,

         Counterclaim-Claimant,

    v.

FOX NEWS NETWORK, LLC, ROGER AILES, WILLIAM SHINE, DIANNE BRANDI, IRENA BRIGANTI, and SUZANNE SCOTT,

         Counterclaim-Respondents.

---------------------------------------- x

Case Number: 01-16-0001-7288

**CONFIDENTIALITY STIPULATION AND ORDER**

WHEREAS, Claimant and Counterclaim-Respondents Fox News Network, LLC, and Counterclaim-Respondents Dianne Brandi, Irena Briganti, and Suzanne Scott through their counsel, Dechert LLP, Counterclaim-Respondent William Shine through his counsel, Thompson & Knight LLP, and Respondent and Counterclaim-Claimant Andrea Tantaros through her counsel, Morgan, Lewis & Bockius LLP, are presently engaged in discovery; and

WHEREAS, the discovery and pre-hearing phase of this action may involve disclosure of the terms of personal, confidential and proprietary business information; and

WHEREAS, Claimant and Respondent Fox News Network, LLC are parties to an employment agreement dated September 12, 2014 (the "Employment Agreement") that provides,

1

among other things, that "all filings, evidence and testimony connected with the arbitration, and all relevant allegations and events leading up to the arbitration, shall be held in strict confidence[;]" and

WHEREAS, the purpose of this Confidentiality Stipulation and Order ("Stipulation") is to permit the parties to discover and exchange such non-public information and documents pursuant to procedures designed to protect and preserve the confidentiality of that material and in accordance with the terms of the Employment Agreement; and

WHEREAS, good cause exists for the entry of an order governing the disclosure of all confidential and proprietary information produced in this action or introduced at the hearing of this action;

IT IS HEREBY STIPULATED by and among the parties to this stipulation, through their undersigned counsel, and ORDERED by the Panel that:

1. Proceedings

This Stipulation and any amendments or modifications hereto shall govern any document, information or thing furnished by any party, including third parties, to any other party in connection with this action and which is designated as Confidential Information. This Stipulation shall not preclude any party from withholding any document, information or thing on the basis of the attorney-client privilege or attorney work-product doctrine, or otherwise affect any party's claim of privilege with respect to any such document, information or thing. The inadvertent production of any privileged document, information or thing shall not be deemed a waiver of such privilege or otherwise affect any party's right to seek return of the inadvertently produced document, information or thing.

2. <u>Definitions</u>

"Confidential Information" means all documents, information or things, including but not limited to responses to discovery requests and interrogatories, and all filings, evidence and testimony, produced or created in connection with this action, except for such documents, information or things that are already in the public domain, provided that they are not in the public domain by virtue of a breach of the terms of the Employment Agreement or this Stipulation.

3. <u>Marking of Confidential Information</u>

a)  All documents, information and things produced by a party during the course of this action, including but not limited to responses to discovery requests and interrogatories, and all filings, evidence and testimony, may be designated as Confidential Information which the receiving party shall not disclose to the public.

b)  Documents, information and things produced by a party during the course of this action may be marked by the producing party as "Confidential" by printing a "Confidential" legend conspicuously on each page and each thing produced at the time of production. After such time, a document, information or thing may be marked "Confidential" in writing, by any party, by providing notice to the receiving party within a reasonable time.

c)  Depositions and deposition transcripts in this action shall be treated as Confidential Information in their entirety.

4. <u>Disclosure, Use and Handling of Confidential Information</u>

a)  Except as provided in paragraph 4(f) below, Confidential Information may be used by persons to whom such documents and information are disclosed only for purposes of pre-hearing preparation and proceedings in this action, the hearing of this action and any court

3

proceedings to enforce, vacate or modify an award in this action, provided that if used in such court proceedings the material will be filed under seal. Confidential Information shall be used for no other purpose unless and until agreed to in writing by all parties to this action or authorized by order of the Panel or by an Order of any Court. No person who receives any Confidential Information shall disclose it to any person not entitled under this Stipulation to receive it.

      b)     In accordance with the provisions of paragraphs 4(c)–(e) below and except as provided in paragraph 4(f) below, Confidential Information may be disclosed only to the following "qualified persons" (who shall be bound by the obligations of confidentiality and nondisclosure provided for in this Stipulation):

    i.     parties and officers and employees of the receiving party whom the receiving party reasonably and in good faith believes need to know the Confidential Information in order for the receiving party to prepare for this action, and provided such person has executed the document referenced in paragraph 4(c) below agreeing to be bound by the provisions of this Stipulation;

    ii.     any attorney, legal assistant, secretary, clerk or any other person employed by, or a member of the law firms of, any counsel to the parties in this action;

    iii.     court reporters, stenographers and outside vendors retained by a party or the Arbitrators in connection with this action;

    iv.     any Arbitrator or Judge who exercises jurisdiction in this action and any attorney, legal assistant, secretary, clerk, deputy or intern employed by such Arbitrator or Judge;

    v.     employees of the designating party during the course of a hearing or other proceeding in this action;

    vi.     experts or consultants retained by the receiving party for assistance in this action, and provided such person has executed the document referenced in paragraph 4(c) below agreeing to be bound by the provisions of this Stipulation;

    vii.     any non-party witness during the course of a hearing in this action, solely in connection with such testimony, and provided that such witness is advised of the existence and terms of this Stipulation, and provided such

       person has been asked to execute the document referenced in paragraph 4(c) below agreeing to be bound by the provisions of this Stipulation;

  viii.   any person reasonably anticipated to be a witness at a hearing in this action, and provided such person has executed the document referenced in paragraph 4(c) below agreeing to be bound by the provisions of this Stipulation; and

  ix.   any other person, but only with the written approval of the producing party.

    c)    Confidential Information may be disclosed to qualified persons described in paragraphs 4(b)(i), 4(b)(vi) and 4(b)(viii) only if such qualified persons have, prior to such disclosure, have read this Stipulation and signed their individual names to the Agreement Concerning Confidentiality, a copy of which is annexed hereto as Attachment A, except that counsel for the parties may sign this Stipulation on behalf of the party they represent and those qualified persons who are members of or employed by their respective firms. By signing the Agreement Concerning Confidentiality, each qualified person agrees that he or she, along with those on whose behalf he or she may be acting, shall be bound by the terms of this Stipulation. All endorsed copies of the Agreement Concerning Confidentiality shall be retained by the party's counsel that requested each qualified person's endorsement.

    d)    Each qualified person shall maintain all Confidential Information disclosed to him or her in confidence, shall not reveal the same to anyone other than another qualified person, except as otherwise stated herein, and shall not use the Confidential Information except in connection with the arbitration hearing in this action or preparation for the arbitration hearing (including, for example, any and all motions, discovery requests and depositions, as well as all papers submitted to the Arbitrators).

e)   All documents, including attorney notes and abstracts, that contain another party's Confidential Information shall be treated as Confidential Information as if such documents were also marked as "Confidential."

f)   Nothing contained herein shall be construed to limit any producing person or party from using its own documents, information or things, including Confidential Information, in any manner that it may choose, provided that such use does not violate the Employment Agreement.

5.   <u>Filings Under Seal</u>

Judgment may be entered on the Arbitrators' award in any court having jurisdiction. However, all papers filed with the court either in support of or in opposition to the Arbitrators' decision shall be filed under seal.

6.   <u>Inadvertent Failure to Mark</u>

In the event a producing party inadvertently fails to mark Confidential Information as "Confidential" in accordance with paragraph 3(a)–(b) above, the producing party may within thirty (30) days of the production correct the error by notifying the adverse party of the error in writing and making the appropriate marking in accordance with paragraph 3(a)–(b) above. During this time, the receiving party shall treat the documents, information or things as Confidential Information.

7.   <u>Subpoenas</u>

a)   In the event any person or party having possession, custody or control of any Confidential Information furnished by the producing party receives a subpoena or other process or order to produce the document, information or thing, the subpoenaed person or party shall promptly (within two business days of receipt):

      i. give notification in writing of such fact to the attorneys of record of the producing or adverse party;

      ii. furnish such attorneys of record with a copy of such subpoena, process or order; and

      iii. provide reasonable cooperation to the producing or adverse party with respect to any procedure instituted by the producing or adverse party to protect the confidentiality of the document, information or thing.

b) If the producing or adverse party makes a motion to quash or modify the subpoena, process or order, which motion results in an extension of time to respond to the subpoena, or which quashes or modifies the subpoena, the subpoenaed party shall not disclose, pursuant to the subpoena, process or order, any Confidential Information furnished by the producing party, except as required by an order or other process of the court having jurisdiction over the matter, and then only in accordance with such order or process.

c) If the producing or adverse party does not make such a motion prior to the return date of the subpoena (or such other date as all involved parties agree or a court or the Panel otherwise orders), the subpoenaed person or party may produce the producing party's Confidential Information to the extent required by the subpoena, process or order, provided that the subpoenaed person or party has fulfilled its obligations under this section of this Stipulation.

8. <u>Challenge to Confidential Information</u>

In the event that a party objects to the treatment of certain information as Confidential Information on the ground that it is not "Confidential" as defined in paragraph 2, above, counsel for the parties shall attempt to resolve such dispute in good faith on an informal basis. If no such resolution is reached, the objecting party may notify the designating party and the objecting party shall, within 10 days of notice, ask the Arbitrators to resolve the dispute. Pending resolution by the Arbitrators, the documents or information subject to the dispute shall be treated as Confidential Information.

7

9. <u>Modification</u>

    a)    Nothing herein shall restrict the power of the Panel to modify this Stipulation or any term hereof for good cause shown and in a manner consistent with the terms of the Employment Agreement.

    b)    Nothing herein shall preclude any party from moving the Panel to modify the terms of this Stipulation or the designation of any document or information in a manner consistent with the Employment Agreement.

10. <u>No Waiver</u>

Neither the taking of nor the failure to take any action to enforce the provisions of this Stipulation, nor the exercise of or failure to exercise any rights created by this Stipulation, shall constitute a waiver of any right to seek or to obtain protection or relief, other than as specified herein, or to pursue any claim or defense in this action or any other action. This Stipulation shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or confidential or proprietary information claims, nor shall it relieve a party of its obligation to respond properly to discovery requests.

11. <u>Other Rights Not Limited</u>

This Stipulation does not affect any party's right to object to the production of Confidential Information on any other ground, including without limitation, privilege, undue burden, and relevance.

12. <u>Conclusion of Arbitration</u>

    a)    Within 30 days after the conclusion of this action, inclusive of any action to confirm or vacate an award, each party shall, upon written request, return to the requesting party all documentary material containing Confidential Information, as designated by the requesting

party, including all copies of or excerpts from summaries of such documentary material that may have been made, except that counsel may maintain a complete set of the pleadings filed with the Panel or any Court. Receipt of such documentary material shall be acknowledged by the recipient in writing. In the alternative, the party may destroy all such Confidential Information, provided the party does so promptly at the conclusion of this action and certifies to the requesting party's counsel in writing the date of destruction and a reasonable description of the documents destroyed.

b) The terms of this Stipulation shall survive and remain in full force and effect after termination of this action. By agreement of the parties, any disputes concerning this Stipulation occurring after the end of this action will be heard by the Arbitrators, or if the Arbitrators are unable to adjudicate the dispute, in the state and federal courts located in New York County, New York.

13. <u>Execution of Stipulation</u>

This Stipulation may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.

Dated: December 4, 2017

SO STIPULATED: