**Exhibit #16 – "6.29.21 NYCCHR Press Release and NYCCHR Investigative Report of Fox News and Findings of Guilt"**



**FOR IMMEDIATE RELEASE: June 29, 2021**
**CONTACT**: Alicia McCauley, amccauley@cchr.nyc.gov, 646-385-5364

### NYC COMMISSION ON HUMAN RIGHTS ANNOUNCES LANDMARK $1,000,000 SEXUAL HARASSMENT SETTLEMENT AGAINST FOX NEWS NETWORK

*$1,000,000 civil penalties highest ordered in Commission history*

*The Commission requires Fox News Network LLC to forgo mandatory arbitration over City human rights claims with its employees for the next four years; requires Commission-approved harassment and bystander training; and requires reporting to the Commission for the next two years*

**NEW YORK –**The New York City Commission on Human Rights announces a historic settlement with Fox News Network LLC ("Fox News") after the Commission initiated its own investigation into a series of high-profile reports alleging a culture of pervasive sexual harassment and retaliation at the network. The Commission fined Fox News $1,000,000 in civil penalties – the highest ever ordered for violations under the NYC Human Rights Law. This settlement represents the first of its kind against a major news network by a civil rights enforcement agency in the country.

The settlement aims to create long-term change with respect to how Fox News addresses allegations of sexual harassment and retaliation. As part of the settlement, the Commission required the network to, for a four-year period, waive forced arbitration in agreements executed with it employees, talent, and contributors for any claims brought under the New York City Human Rights Law. In addition to requiring the network to hold regular, Commission-approved sexual harassment prevention and bystander training for all its New York City employees, including executives and employees, the agreement also requires Fox News to implement, for a period of at least two years, a policy and complaint procedure for reporting of discrimination and harassment complaints that allows for multiples levels of reporting.

"With this settlement, the Commission not only ordered the largest civil penalty in the Commission's history, but has mandated dramatic and critical policy changes at Fox News Network," **said Chair and Commissioner of the NYC Commission on Human Rights Carmelyn P. Malalis.** "Among these policy changes is a remarkable shift in how Fox News Network uses mandatory arbitration. Employers seeking to improve transparency and accountability on discrimination and harassment should look to this change in mandatory arbitration as a model for future policy. The Commission takes all allegations of sexual harassment, gender-based discrimination, and retaliation very seriously and our settlement today demonstrates that in New York City no one is above the law. Every New Yorker, whether in a newsroom or lunchroom, deserves to be treated with dignity and respect in their workplace."

"Today's settlement reflects structural changes within Fox News that will make it easier for employees to report harassment without fear of retaliation or reprisal," **said Sapna V. Raj, Deputy Commissioner of the Law Enforcement Bureau at the NYC Commission on Human Rights.** "The modification of the mandatory arbitration clause to exclude claims brought under the New York City Human Rights Law will allow for employees, talent, and contributors to bring claims of gender-based harassment to an outside venue, which in turn removes the aspect of secrecy from such claims. The Commission retains the right to add additional penalties to those outlined in this settlement should additional claims of harassment or retaliation be brought forth. The message we are sending is simple: there is no room for discrimination in New York City, and the Commission will enforce the law to the highest possible extent for violators who think otherwise."

Under this agreement, for a period of four years, Fox News must allow any employee, contributor, or on-air personality to file any claim brought under the NYC Human Rights Law in court or administratively, exempting such claims from the mandatory arbitration provision in Fox News employment contracts. This widely criticized practice is often the most significant barrier to determining whether a workplace has a pervasive culture of sexual harassment and prevents victims from seeking relief in other legal venues such as civil or district court. In New York City, the statute of limitations for reporting sexual harassment in employment is three years from the date of the last discriminatory act.

Today's settlement represents the Commission's highest civil penalty ever ordered in Commission history. The New York City Human Rights Law authorizes the Commission to order a maximum civil penalty of $250,000 for each violation. This settlement builds on the Commission's established practice of assessing penalties based on multiple violations, cementing the Commission's ability to enforce the law in the most egregious instances of discrimination and harassment. Since the resurgence of the #MeToo movement in 2017, the Commission has: opened over 600 claims of gender-based discrimination; awarded over $7 million to victims of gender-based discrimination in the workplace; and collected over $1.3 million in civil penalties.[1] In Fiscal Year 2021, to date, over 25% of all employment claims are gender related.

The settlement provides for workplace sexual harassment prevention training for all Fox News employees, including all New York City-based executives, employees, independent contractors, contributors, interns, and any worker in the aforementioned groups who are located elsewhere but regularly do business or interact with individuals based in New York City. In order to ensure compliance with the training provisions of this agreement, Fox News will be required to provide proof of sexual harassment prevention training completions and confirmation of the distribution of anti-sexual harassment materials to the Commission for a period of two years. Any further violations that occur during this period will be considered succeeding violations and additional penalties will be assessed accordingly. Trainings must be completed in groups of 60 or less for non-management employees, and groups of 30 or less for management-level employees. All training materials and persons conducting the training must be approved by the Commission. Additionally, the network will distribute a clear, Commission-approved definition of retaliation to all employees, and facilitate bystander intervention trainings, which teaches how to interrupt,

---

[1] Data represents Fiscal Years as of June 24, 2021

defuse, and report harassment as it happens. These measures aim to create change in the policies, practices, and culture at Fox News.

New York City is home to one of the strongest anti-discrimination laws in the nation and includes a broad standard for what constitutes unlawful workplace harassment. Treating someone less well because of their gender in a way that demeans, embarrasses, or threatens them, is sexual harassment. Additionally, victims of sexual harassment in New York City may file claims at the Commission even when they are bound by arbitration agreements that prevent them from filing cases in court. In April 2019, the Commission launched a comprehensive sexual harassment prevention training, available for free on its website in 11 languages, which satisfies training mandates under both city and state law. To date, the training has been completed 750,000 times.

If you believe you are the victim of sexual harassment or any other type of discrimination under the NYC Human Rights Law, call the Commission by dialing 212-416-0197. Reports may also be filed anonymously and reported on the Commission's website.

###



M-E-S-17-27783
NYC COMMISSION ON HUMAN
RIGHTS v. FOX NEW NETWORK
LLC.



M-E-S-17-27783
NYC COMMISSION ON HUMAN
RIGHTS v. FOX NEW NETWORK
LLC.

CITY OF NEW YORK
COMMISSION ON HUMAN RIGHTS

---

In the Matter of the Complaint of:

THE NEW YORK CITY COMMISSION ON
HUMAN RIGHTS,

            Complainant,

FOX NEWS NETWORK, LLC, and 21ST
CENTURY FOX AMERICA, INC.,

            Respondents.

COMPLAINT NO.: M-E-S-17-27783-A
                M-E-S-17-27783-B
                M-E-S-21-92029
                M-E-S-21-92030
                M-E-S-21-92031

FED. CHARGE. NO.: 16F-2019-00099C;
16F-2019-000098C

CONCILIATION AGREEMENT

---

**WHEREAS**, the New York City Commission on Human Rights ("Complainant" and "Commission") filed a Verified Complaint ("Complaint") on December 28, 2018, charging Fox News Network, LLC ("Fox News") ("Respondent") and 21st Century Fox America, Inc. with unlawful discriminatory practices in violation of Title 8 of the Administrative Code of the City of New York, the New York City Human Rights Law ("NYCHRL") attached hereto as Appendix A;

**WHEREAS**, the Commission conducted a preliminary investigation (the "Preliminary Investigation");

**WHEREAS**, the Commission and Respondent Fox News (collectively, "Parties") now desire to amicably, fully, and finally settle the allegations arising out of the Commission-initiated Complaint, the Preliminary Investigation, and all related conduct (collectively, the "Released Conduct") without further proceedings;

**NOW, THEREFORE, PURSUANT TO THIS CONCILIATION AGREEMENT, IT IS HEREBY STIPULATED AND AGREED**, between the Parties, as follows:

## SECTION 1

1.  Upon execution of this Agreement, Respondent shall revise policies in accordance with Paragraph 5 below; implement its revised anti-sexual harassment and discrimination policies in accordance with Paragraph 5 below; implement its complaint procedure for reporting harassment and discrimination in accordance with Paragraph 5 below; conduct anti-discrimination and sexual harassment prevention training on an annual basis in accordance with Paragraph 4 below; post and distribute the Commission's Stop Sexual Harassment Act Fact Sheet in accordance with Paragraph 6 below; maintain a hotline for anonymously reporting sexual harassment, gender-based harassment, and/or retaliation complainants in accordance with Paragraph 7 below; modify its mandatory arbitration clause in talent contracts, employment agreements, and Contributor agreements in accordance with Paragraph 8 below; and pay one million dollars ($1,000,000) as civil penalties ("Civil Penalties") in full satisfaction of any and all claims that the Commission has or may have had against Respondent arising out of the Released Conduct, including claims for costs, expenses, and attorneys' fees.

2.  Except where otherwise noted, submissions called for by this Agreement shall be made to Christina M. Piaia, Esq. at: New York City Commission on Human Rights, Attn: Christina M. Piaia, Esq., 22 Reade Street, New York, NY 10007, (212) 416-0244 (phone), (646) 500-6975 (fax), cpiaia@cchr.nyc.gov.

3.  **Payment.** The Civil Penalties shall be payable as follows:

Conciliation Agreement
*New York City Commission on Human Rights v. Fox News Network, LLC and 21ˢᵗ Century Fox America, Inc.*
(M-E- S-17-27783-A; M-E-S-17-27783-B; M-E-S-21-92029; M-E-S-21-92030; M-E-S-21-92031;16F-2019-00099C)

FOIL 21-285 0007

a. A bank or certified check in the amount of one million dollars ($1,000,000), payable to "City of New York Department of Finance," which the Parties agree shall be designated as civil penalties for the above-captioned matters.

b. Respondent shall deliver the Civil Penalties along with the signed Conciliation Agreement to the individual designated in Paragraph 2 of this Agreement.

4.    **Sexual Harassment Prevention Training.**

a. For a period of two (2) years following the execution of this Agreement ("Time Period"), Respondent shall conduct anti-discrimination and sexual harassment prevention training annually using the materials approved by the Commission and attached hereto as Appendix B ("Training").

b. During the Time Period, Respondent shall require all executives, employees, interns, and independent contractors and contributors as set forth in § 8-107(23) and the Commission's guidance document, "Protections for Independent Contractors & Freelancers From Discrimination And Harassment (January 2020)", available at https://www1.nyc.gov/assets/cchr/downloads/pdf/materials/Independent_Contractor_One_Pager.pdf ("Independent Contractor", "Contributor"), who work in New York City or who either regularly interact with individuals located in New York City or who do business in New York City, to attend the Training.  During the Time Period, Respondent shall conduct anti-discrimination and sexual harassment prevention training for each new executive, employee, Independent Contractor, Contributor, or intern within thirty (30) days of their time of hire.  Respondent agrees as follows:

Conciliation Agreement
*New York City Commission on Human Rights v. Fox News Network, LLC and 21ˢᵗ Century Fox America, Inc.*
(M-E- S-17-27783-A; M-E-S-17-27783-B; M-E-S-21-92029; M-E-S-21-92030; M-E-S-21-92031;16F-2019-00099C)

FOIL 21-285 0008

i.   The Training shall be interactive as defined by § 8-107(30) of the NYCHRL;

ii.  At minimum the Training shall:

    1.  Be conducted in small group sessions with a maximum of sixty (60) total participants per training; and with a maximum of thirty (30) total participants for any portion of the training specific to managers;

    2.  Explain what sexual harassment is under the NYCHRL § 8-107 *et seq.*, and provide multiple examples of sexual harassment, including examples illustrating that harassing behavior need not be directed at a particular individual to qualify as sexual harassment, gender-based discrimination, or retaliation;

    3.  Explain that retaliation is prohibited by § 8-107(7) of the NYCHRL as well as by federal and state law, and provide examples of unlawful retaliation;

    4.  Explain the specific responsibilities of supervisory and managerial employees in the prevention of sexual harassment, gender-based discrimination, and retaliation, and the measures that such employees may take to appropriately address sexual harassment complaints;

    5.  Provide resources regarding bystander intervention and information about how bystanders can intervene to stop or diffuse sexual harassment and how bystanders may not be retaliated against;

    6.  Include a description of Respondent's sexual harassment and gender-based discrimination complaint process, the process to make an oral or

written complaint, and Respondent's policies and processes for
preventing retaliation;

7. Provide contact information for Respondent's Alertline identified in
Paragraph 7 of this Agreement, and inform trainees that complaints
may be anonymous or attributed; and

8. Inform individuals that they can file complaints about discrimination,
harassment and/or retaliation with the Commission, the New York
State Division of Human Rights, or the United States Equal
Employment Opportunity Commission, and provide up-to-date contact
information including the telephone number and website for each
agency.

iii. During the Time Period, no later than thirty (30) calendar days after each
training, Respondent must inform the individual designated in Paragraph 2 of
this Agreement of the date and location of the Training and a list of trainees.

iv. During the Time Period, on a quarterly basis, Respondent must provide proof
of completion of the Training by returning an affidavit modeled on Appendix
C, along with a copy of the completed attendance sheet as outlined in
Appendix D, to the individual designated in Paragraph 2 of this Agreement.

v. Respondent may make non-material changes to the Training, any material
changes to the Training will require approval from the Commission;

vi. During the Time Period, Respondent verifies that it understands and will
comply with its obligation to require: (1) all New York City-based executives,

Conciliation Agreement
*New York City Commission on Human Rights v. Fox News Network, LLC and 21st Century Fox America, Inc.*
(M-E- S-17-27783-A; M-E-S-17-27783-B; M-E-S-21-92029; M-E-S-21-92030; M-E-S-21-92031;16F-2019-00099C)

FOIL 21-285 0010

employees, Independent Contractors, Contributors, and interns; and (2) all

executives, employees, Independent Contractors, Contributors, and interns

based elsewhere who either regularly interact with individuals located in New

York City or who do business in New York City, to attend the Training

annually pursuant to § 8-107(30) of the NYCHRL.

vii. Respondent acknowledges that completing the Training does not protect

Respondent from liability for violations of the NYCHRL separate and apart

from those at issue in this matter.

5.    **Policy Revision.** Within thirty (30) calendar days after the Commission's final

written approval of Respondent's revised policies on the NYCHRL ("NYCHRL

Policies") including a revised complaint procedure ("Complaint Procedure"),

Respondent will implement the NYCHRL Policies and Complaint Procedure. The

NYCHRL Policies is annexed hereto as Appendix E and the Complaint Procedure is

annexed hereto as Appendix F. Respondent shall submit the NYCHRL Policies and

Complaint Procedure to the individual designated in Paragraph 2 of this Agreement

for approval. The NYCHRL Policies and Complaint Procedure will remain in place

for two (2) years following the execution of this Agreement ("Time Period"), unless

the Commission and Respondent agree to any material revisions. The Parties agree

that Respondent may make non-material changes to the NYCHRL Policies and

Complaint Procedure without approval from the Commission.

a.  At minimum, the NYCHRL Policies shall:

i.  Include clear definitions of sexual harassment, gender-based discrimination,

and retaliation;

Conciliation Agreement
*New York City Commission on Human Rights v. Fox News Network, LLC and 21st Century Fox America, Inc.*
(M-E- S-17-27783-A; M-E-S-17-27783-B; M-E-S-21-92029; M-E-S-21-92030; M-E-S-21-92031;16F-2019-00099C)

FOIL 21-285 0011

ii.  Make clear that harassing behavior need not be directed at a particular

individual to qualify as sexual harassment;

iii.  Incorporate a bystander reporting/intervention policy; and

iv.  Describe the internal complaint procedure available to address sexual

harassment, gender-based discrimination and/or retaliation claims.

b.  Within thirty (30) days of the Commission's final written approval of the

NYCHRL Policies and Complaint Procedure, Respondent shall during the Time

Period:

i.  Post the NYCHRL Policies and Complaint Procedure in prominent and

conspicuous places in each office of Respondent; and

ii.  Distribute the NYCHRL Policies and Complaint Procedure to all staff,

including to all current employees and all future employees when they begin

their employment with Respondent.

6.  **Stop Sexual Harassment Act Notice and Fact Sheet.**  Within thirty (30) calendar

days of, and for a period of two (2) years following the execution of this Agreement

("Time Period"), Respondent shall:

a.  Display the Commission's Stop Sexual Harassment Act Notice ("Notice") in both

English and Spanish in locations prominent and conspicuous to executives,

employees, Independent Contractors, Contributors, and interns in all

Respondent's places of business in New York City.  The Notice will continue to

be available online at: http://www1.nyc.gov/site/cchr/law/stop-sexual-harassment-

act.page.

Conciliation Agreement
*New York City Commission on Human Rights v. Fox News Network, LLC and 21ˢᵗ Century Fox America, Inc.*
(M-E- S-17-27783-A; M-E-S-17-27783-B; M-E-S-21-92029; M-E-S-21-92030; M-E-S-21-92031;16F-2019-
00099C)

FOIL 21-285 0012

b.   Distribute the Commission's Stop Sexual Harassment Act Fact Sheet ("Fact Sheet") to all executives, employees, Independent Contractors, Contributors, and interns who work in New York City.  The Fact Sheet will continue to be available online at: http://www1.nyc.gov/site/cchr/law/stop-sexual-harassment-act.page.

c.   Submit proof of compliance with the requirements of subparagraphs 6(a) and (b) above by providing to the Commission photographic proof of displays of the Notices and a sworn statement attesting to the distribution of the Fact Sheet to all executives, employees, Independent Contractors, Contributors, and interns who work in New York City.

d.   Respondent verifies that it understands and will comply with its obligation pursuant to § 8-107(29) of the NYCHRL to display the Notices and distribute the Fact Sheet to all executives, employees, Independent Contractors, Contributors, and interns who work in New York City at the time of hire or when there is a transfer to Respondent's offices in New York City.

7.   **Alertline.**  For a period of two (2) years following execution of this Agreement ("Time Period"), Respondent shall continue to maintain a telephonic hotline to report harassment, discrimination and/or retaliation.  Anonymous or attributed reporting of complaints including, but not limited to, harassment, discrimination, and retaliation under the NYCHRL may be reported by calling the toll-free Fox Corporation Alertline ("Alertline").  Respondent shall document all complaints concerning sexual harassment, gender-based discrimination and/or retaliation made to the Alertline as required herein.

Conciliation Agreement
*New York City Commission on Human Rights v. Fox News Network, LLC and 21st Century Fox America, Inc.*
(M-E- S-17-27783-A; M-E-S-17-27783-B; M-E-S-21-92029; M-E-S-21-92030; M-E-S-21-92031;16F-2019-00099C)

FOIL 21-285 0013

a.  Specifically, during the Time Period, Respondent shall display information about how to contact Alertline, in both English and Spanish, in locations prominent and conspicuous to executives, employees, Independent Contractors, Contributors, and interns in all its places of business in New York City.

8.  **Modification of Mandatory Arbitration Clause.**  Starting from thirty (30) calendar days after the execution of this Agreement and continuing until four (4) years following the execution of this Agreement, Respondent will not include NYCHRL claims in any mandatory arbitration clause in any talent contracts, employment agreements, or Contributor agreements that are executed within that time period.

### SECTION 2

9.  A future finding, after notice and a hearing, that Respondent engaged in any act of gender-based discrimination, gender-based harassment, or retaliation in violation of NYCHRL during the time period of two (2) years from execution of this Agreement, shall be deemed by the Commission to be a succeeding violation.

10.  By signing this Agreement, Respondent acknowledges that its failure to timely comply with its obligations under any of the provisions in Section 1 of this Agreement shall constitute non-compliance with a Commission Order pursuant to § 8-107(8) of the NYCHRL.  In addition to any other civil penalties that may be assessed against the non-compliant Respondent, the non-compliant Respondent shall pay a civil penalty of one hundred dollars ($100.00) per day for every day the violation continues, pursuant to § 8-124 of the NYCHRL.

Conciliation Agreement
*New York City Commission on Human Rights v. Fox News Network, LLC and 21ˢᵗ Century Fox America, Inc.*
(M-E- S-17-27783-A; M-E-S-17-27783-B; M-E-S-21-92029; M-E-S-21-92030; M-E-S-21-92031;16F-2019-00099C)

FOIL 21-285 0014

11. In consideration of this settlement, the Commission releases and discharges
Respondent and their past and present parent companies, subsidiaries, and/or
affiliated companies, and each of their past and present officers, directors, employees,
agents, insurers, successors, attorneys, and assigns, in their individual and
representative capacities, from any and all past and current liability, claims, or causes
of action arising out of the Released Conduct. This includes a release of all claims
arising under the United States and/or New York State Constitutions, any federal,
state or local law, including, but not limited to, the Americans with Disabilities Act,
Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in
Employment Act, the New York State Human Rights Law, the New York City
Human Rights Law (including without limitation Chapters 1 and 4 of Title 8 of the
New York City Administrative Code), any and all common law claims, and any and
all claims for emotional distress or physical injuries, for costs, expenses, interest, civil
penalties, and attorneys' fees, or for any other breach of duty or obligation of any
kind or description arising out of the Released Conduct up to and including the date
of the complete execution of this Agreement. This release is not a preclusion of
enforcement and investigation of individual claims that may be filed with the
Commission after the execution of this Agreement and does not affect the potential
claims of any aggrieved individual(s).

12. This Agreement sets forth the entire agreement between the Parties, and fully
supersedes any prior agreements or understandings between the Parties. The Parties
acknowledge that they have not relied on any representations, promises, or
agreements of any kind made in connection with their decision to accept this

Agreement, except for those set forth herein. No provision of this Agreement may be modified, amended, or waived except by a written amendment executed by the Parties and so ordered by the Chair of the Commission.

13.   This Agreement shall be governed by and construed in accordance with the laws of the City and State of New York. Each of the Parties to this Agreement hereby consents to the jurisdiction of the Courts of the State of New York, New York County, and/or the jurisdiction of the New York City Commission on Human Rights, for the purposes of commencing any action, lawsuit, motion, or proceeding to enforce or interpret any provision of this Agreement.

14.   This Agreement shall be binding upon and inure to the benefit of the Parties and to the officers, directors, employees, agents, insurers, successors, attorneys, assigns, in their individual and representative capacities and legal representatives of each party. The Parties each represent that they have not assigned any rights they have or could have in connection with the Released Conduct. No obligation provided for under this Agreement may be assigned, without the express written consent of the party to whom such obligation is owed. This release is not a preclusion of enforcement and investigation of individual claims that may be filed with the Commission after execution of this Agreement and does not affect the potential claims of any aggrieved individual(s).

15.   The Parties acknowledge that they have been afforded a reasonable time to review this Agreement and the opportunity to consult with counsel of their own choosing, that they have read this Agreement or had this Agreement read and/or translated to them in its entirety, and fully understand all of the terms and conditions herein, which

represent a full and fair settlement, and that they have entered into this Agreement knowingly, voluntarily, and of their own free will, without fraud, duress, or undue influence.

16. This Agreement may be executed in counterparts. Facsimiles or scanned copies of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

17. Upon execution of this Agreement, Complaint M-E-S-17-27783-B shall be withdrawn with prejudice and administratively closed with respect to Respondent 21st Century Fox America, Inc. pursuant to Rule 1-52 of the Commission's Rules of Practice.

18. Upon completion of the requirements and/or conditions contained in Section 1 of this Agreement, Complaint Number M-E-S-17-27783-A, M-E-S-21-92029, M-E-S-21-92030 and M-E-S-21-92031 against Respondent shall be withdrawn with prejudice and administratively closed pursuant to Rule 1-52 of the Commission's Rules of Practice.

## [NO FURTHER TEXT ON THIS PAGE]

Conciliation Agreement
*New York City Commission on Human Rights v. Fox News Network, LLC and 21ʰ Century Fox America, Inc.* (M-E- S-17-27783-A; M-E-S-17-27783-B; M-E-S-21-92029; M-E-S-21-92030; M-E-S-21-92031;16F-2019-00099C)

FOIL 21-285 0017

IN WITNESS WHEREOF, the Parties hereto have set their hand as of the date and place so stated.

*Respondent FOX NEWS NETWORK, LLC*

Name:  Joseph Dorrego                    Dated:  June 23, 2021
Title:  EVP, COO / CFO

## ACKNOWLEDGMENT BY CORPORATION

STATE OF                )
COUNTY OF            )

On the 23rd day of June in the year 2021 before me, personally came to me known, who, being by me duly sworn, did depose and say that he/she/they reside(s) in ; that he/she/they is/are the (president or other officer duly appointed) of (name of corporation), the corporation described in and which executed the above instrument; that he/she/they know(s) the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by authority of the board of directors of said corporation, and the he/she/they signed his/her/their name(s) thereto by like authority.

Sworn to before
me this 23rd of June 2021

NOTARY PUBLIC

CLIFFORD A. CID
Notary Public, State of New York
Reg. No. 01CI6084489
Qualified in Suffolk County
My Commission Expires Dec. 9, 20 22

Conciliation Agreement
*New York City Commission on Human Rights v. Fox News Network, LLC and 21st Century Fox America, Inc.*
(M-E- S-17-27783-A; M-E-S-17-27783-B; M-E-S-21-92029; M-E-S-21-92030; M-E-S-21-92031;16F-2019-00099C)

*Law Enforcement Bureau*

**New York City Commission on Human Rights**

By: _____          Dated: 6/25/21
    Sapna V. Raj
    Deputy Commissioner
    Law Enforcement Bureau


So Ordered

_____          Dated: 6/25/2021
Carmelyn P. Malalis
Commissioner/Chair
New York City Commission on Human Rights

Prepared by:    Christina M. Piaia, Esq.
               Supervising Attorney, Gender-Based Harassment Unit

Conciliation Agreement
*New York City Commission on Human Rights v. Fox News Network, LLC and 21ˢᵗ Century Fox America, Inc.*
(M-E- S-17-27783-A; M-E-S-17-27783-B; M-E-S-21-92029; M-E-S-21-92030; M-E-S-21-92031;16F-2019-00099C)

    FOIL 21-285 0019

CITY OF NEW YORK
COMMISSION ON HUMAN RIGHTS

---

In the Matter of the Complaint of:

THE NEW YORK CITY COMMISSION
ON HUMAN RIGHTS,

                Complainant,

      - against -

FOX NEWS NETWORK, LLC, and
21ST CENTURY FOX AMERICA, INC.,

            Respondents.

COMPLAINT NO.: M-E-S-17-27783-A
FED. CHARGE NO.: 16F-2019-00099C
(FOX NEWS NETWORK, LLC)

COMPLAINT NO.: M-E-S-17-27783-B
FED. CHARGE NO.: 16F-2019-00098C
(21ST CENTURY FOX AMERICA, INC.)

**VERIFIED COMPLAINT**

---

## NATURE OF THE ACTION

The New York City Commission on Human Rights ("Commission") brings this action against Fox News Network, LLC ("Fox News") and 21st Century Fox America, Inc. ("21CF") for violations of §§ 8-107(1) and 8-107(7) of the New York City Human Rights Law ("NYCHRL"). Respondents have engaged in a pattern or practice of harassment and discrimination against employees and independent contractors because of their gender, and have engaged in a pattern or practice of retaliating against such employees and independent contractors for complaining about discrimination.

## JURISDICTION AND VENUE

The Commission initiates this Complaint pursuant to § 8-109(c) of the NYCHRL. The unlawful practices alleged in this Complaint occurred in the City of New York.

## PARTIES

1. The Commission's address is 22 Reade Street, New York, NY 10007.

2. Respondent Fox News is an employer of employees and independent contractors as defined

by § 8-102 of the NYCHRL. Respondent Fox News employs fifteen (15) or more people. The address for service of process for Respondent Fox News is c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

3. Respondent 21CF is an employer of employees and independent contractors as defined by § 8-102 of the NYCHRL. Respondent 21CF employs fifteen (15) or more people. Upon information and belief, Respondent 21CF is the parent company of Respondent Fox News and is jointly responsible with Respondent Fox News for creating and maintaining human resources policies and compliance. The address for service of process for Respondent 21CF is c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

## FACTS

4. Respondents have engaged in a pattern or practice of harassment and discrimination against employees and independent contractors based on their gender.

5. Respondents have engaged in a pattern or practice of retaliating against employees and independent contractors who refuse the sexual advances of Respondent Fox News's employees and agents, or who complain about harassment or discrimination based on their gender.

6. Upon information and belief, this pattern or practice of retaliation has taken the form of, *inter alia*: reducing or stopping on-air personalities' appearances; refusing to promote employees and independent contractors; denying coveted work assignments to employees and independent contractors; modifying work hours to undesirable times; surveilling text message exchanges of employees and independent contractors; assigning menial tasks or no work at all to those who complain orally or in writing; isolating those who complain from others in the workplace; erasing valuable computer data of those who complain, or failing to

2

responsibly protect such data, and otherwise manipulating computer systems of those who complain, or failing to responsibly protect such computer systems; and attempting to publicly discredit employees and independent contractors by insisting that their reports of harassment or discrimination were politically motivated or asserted for personal gain. Respondents have ensured that those who have complained have no future working for Respondents.

7. Respondent Fox News's pattern or practice of allowing gender-based harassment in the workplace, and its responses to complaints of harassment include, but are not limited to, the following:

a. On or about ▇▇▇▇▇ Respondent Fox News refused to renew the employment contract of ▇▇▇▇▇▇▇▇▇▇ in retaliation for refusing the sexual advances of Respondent Fox News's ▇▇▇▇▇▇▇▇▇ and for complaining to ▇ superior ▇▇▇▇ about gender-based harassment by ▇▇▇▇▇▇▇ sexual advances included, *inter alia*: commenting about ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ When ▇ refused ▇ sexual advances, Respondent Fox News retaliated against ▇▇ by, *inter alia*: reducing ▇ compensation; curtailing ▇ appearances blocking ▇ from appearing ▇▇▇▇▇▇ refusing to assign ▇ high-visibility events and interviews; refusing to give ▇ support through social media and advertising; coordinating a hit piece ▇▇▇▇ ▇ ostracizing ▇ in the workplace; and ending ▇ employment. During the time of

3

employees heard ███████████ and the incident was reported, upon information and

belief, ██████ faced no repercussions. In addition, a bystander recorded and reported to

management ███████ sexually harassing comments to ████████ Instead of

reprimanding █████████████ Respondent Fox News reassigned █████ to other

assignments ██████████████████

d.  On or about ███████████████ Respondent Fox News demoted ███████ in retaliation for

██████████████████████████████████████████████

████████████████████████████ Meanwhile, some of Respondent Fox

News's ██████████ personalities ████████████████████████████████

Respondents did not retaliate against them—in fact, at least one was promoted.

e.  ████████ reported this retaliation to Respondent 21CF's "Alertline," the 24-hour hotline

for "anonymously" reporting workplace misconduct, supposedly operated by a third-

party vendor. Despite having worked at Respondent Fox News since ████████ was not

made aware of any process for reporting claims of harassment, discrimination, or

retaliation until ██████ when █████ learned about Respondent 21CF's Alertline at a

"sensitivity training" ██████ attended. █████ had understood from the training that all calls to

the Alertline would be anonymously routed by a third-party vendor to the human

resources department of Respondent 21CF, and not to Respondent Fox News. Instead,

██████████████████████████████████ Respondent Fox News████████████████

██████—contacted █████ the very next day to inform █████ that █████ knew of █████ complaint.

f.  Until in or around ████████████ when ███████ employment ceased, Respondents, in

retaliation for ████████ complaint: took █████ off the air; prohibited █████ from doing ████████

████████████████████████ assigned █████ ministerial and entry-level tasks ████████

5

████████ and rescinded offers to promote ████████████████████████

Respondent Fox News hacked, or enabled a third party to hack, ████████████████

8.  Respondents have engaged in a pattern or practice of harassment and discrimination against employees and independent contractors based on their gender.

9.  Respondents have engaged in a pattern or practice of retaliating against those complaining about such harassment and discrimination. Upon information and belief, victims of Respondent Fox News's retaliation for complaining about harassment and discrimination are blacklisted to prevent them from obtaining work with other employers in journalism.

10. Respondent Fox News has required some employees and independent contractors to arbitrate any employment disputes. Upon information and belief, Respondent Fox News has inserted such arbitration clauses into employment contracts to prevent employees' and independent contractors' lawsuits, including suits for harassment and discrimination.

11. Upon information and belief, women who complained about discrimination have not retained their positions at Fox News.

## CHARGE I

### Gender Discrimination in Violation of § 8-107(1) of the NYCHRL

12. The Commission incorporates and re-alleges paragraphs one (1) through eleven (11) of the Complaint as though fully set forth herein.

13. The Commission charges that Respondents have engaged in a pattern or practice of discriminating against employees and independent contractors based on their gender in violation of § 8-107(1) of the Code and have damaged them thereby.

FOIL 21-285 0025

## CHARGE II

### Retaliation in Violation of § 8-107(7) of the NYCHRL

14. The Commission incorporates and re-alleges paragraphs one (1) through thirteen (13) of the Complaint as though fully set forth herein.

15. The Commission charges that Respondents have engaged in a pattern or practice of retaliating against employees and independent contractors who have opposed Respondents' unlawful discriminatory practices in violation of § 8-107(7) and have damaged them thereby.

## CHARGE III

### Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964

16. The Commission incorporates and realleges paragraphs one (1) through fifteen (15) of this Complaint as though fully set forth herein.

17. The Commission charges that Respondents have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by discriminating against employees based on their sex. The Commission accepts this Verified Complaint on behalf of the Equal Employment Opportunity Commission, subject to the statutory limitations contained therein.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests judgment against Respondents as follows:

a. Declaring that Respondents' acts, practices, and omissions complained of herein violate the NYCHRL;

b. Assessing civil penalties against Respondents;

c. Directing Respondents to make all necessary modifications to their policies and practices to comply with the NYCHRL;

7