**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, 9th Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7129**

WRITER'S EMAIL ADDRESS
**brendancarroll@quinnemanuel.com**

February 19, 2025

**VIA ECF**

Hon. Vernon Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Andrea K. Tantaros v. Fox News Network, LLC*, 1:25-cv-00961-VSB

Dear Judge Broderick:

This firm was counsel to the former Estate of Roger Ailes ("Estate"). We are writing to the Court on account of a recent attempt to serve Elizabeth Ailes, the former Personal Representative of the Estate, with a petition purporting to name the Estate as a party in the above-captioned action. We write to inform the Court why the purported service was completely ineffective.[1]

On February 7, 2025, Andrea Tantaros wrote to this firm, asking us to accept service of a petition filed in this Court purporting to name the Estate as a defendant. We responded by reminding her—as she already knows—that the Estate was dissolved and wound up years ago. Ex. 1. We informed Ms. Tantaros that we could not accept service on behalf of the Estate because the Estate does not exist. *Id*.

Roger Ailes passed away in 2017 and his Estate was formed under the jurisdiction of the courts of Florida later that year. Elizabeth Ailes was the Personal Representative of the Estate. The Estate's assets were distributed and the Estate was dissolved by order of the Florida probate court on November 23, 2021. Ex. 2 ("the Estate has been fully administered and properly distributed"). The Florida probate court discharged Mrs. Ailes of her responsibilities as Personal Representative of the Estate and the Estate has not existed since that time. *Id*.

---

[1] We have reviewed the docket in this action and seen Ms. Tantaros's motion for alternative service. Dkt. 26. That motion makes multiple unambiguously false statements of fact and we do not address all of them here. Any misstatements that are not addressed are not waived.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Ms. Tantaros's claims against the Estate were dismissed years before the Estate was dissolved. The Estate previously explained that procedural history on a motion to dismiss for res judicata filed in this District. *See Tantaros v. Fox News Channel*, 19 Civ. 7131 (S.D.N.Y.) at Dkts. 104-106 (Estate's motion to dismiss for res judicata). Ms. Tantaros did not timely file any claims against the Estate and the Florida probate court overseeing the Estate struck her claims on March 13, 2018. Ms. Tantaros filed both a motion for rehearing and reconsideration and an appeal; the appeal was dismissed on November 15, 2018; and, on April 16, 2019, the Florida probate court heard argument from the Estate and from Ms. Tantaros on a motion for a "Final Order Striking Claims." On April 23, 2019, the Florida probate court entered the attached "Final Order," after hearing argument from both sides. In the Final Order, the probate court made factual findings and struck all Tantaros's claims against the Estate. Ex. 3 ("Final Order"). No appeal was taken and the deadline for any appeal expired on May 23, 2019. Fla. R. App. P. 9.170(b)(18); 9.110(b). The Final Order therefore has preclusive effect.

For four years after entry of the Final Order (from 2019 into 2023), Ms. Tantaros sought a stay of the arbitration in this District Court and in the Second Circuit. During that time, the Estate preserved its res judicata arguments, although Ms. Tantaros's petition to stay was ultimately dismissed on other grounds. Meanwhile, on November 23, 2021, the Estate administration was concluded and the Estate was wound up. After this dispute was returned to the arbitration, the arbitrators formally and properly removed the Estate (which had already ceased to exist) from the arbitration in 2024. The Estate has not been a party to the arbitration since at least that time.

Consequently, when Ms. Tantaros wrote to us on February 7, 2025, asking us to accept service of the petition here, we properly responded that we could not accept service on behalf of an entity that no longer exists. Ms. Tantaros's claims against the Estate were fully and finally dismissed on the merits in 2019. Ex. 3 (Final Order). The Estate itself was wound up and dissolved in 2021. Ex. 2 (Discharge Order). The Estate was thereafter formally removed as a party from the arbitration. The Estate was not a party to the arbitration when Ms. Tantaros filed this petition to stay the arbitration; and, in any event, no relief could issue against the Estate in this or any other forum because the Estate does not exist.

We submit this letter as former counsel to the Estate without waiver of any rights.

Respectfully,

*/s/ Brendan Carroll*

Brendan Carroll