March 31, 2025

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

**Re: Andrea K. Tantaros v. Fox News Network, LLC, et al., Case No. 1:25-cv-00961 - Response to March 21, 2025 Letter from Counsel for The Estate of Roger Ailes, Elizabeth Ailes**

Dear Judge Broderick,

Petitioner Andrea K. Tantaros respectfully submits this letter in response to the unsolicited March 21, 2025 letter filed by Associate Brendan Carroll of Quinn Emanuel, purporting to speak on behalf of the "former" Estate of Roger Ailes ("the Estate"). That submission misstates the procedural history, omits critical facts, and is predicated on a misleading narrative regarding the Estate's conduct during arbitration. Counselor Carroll's letter is devoid of any meaningful evidence, facts or argument as no such evidentiary support exists. Rather, it further bolsters Petitioner's inclusion of the Estate as a proper Respondent and demonstrates the Estate lacks any tangible and foundational legal argument.

First, counsel's assertion that the Estate was never properly included is flatly contradicted by a ruling from the New York State Supreme Court. On May 1, 2018, the Estate moved to avoid inclusion in arbitration and sought to enjoin the proceedings. Judge David B. Cohen denied that request (See ECF No. 35, *Id. at 1,* Exhibit 1). The Estate did not appeal. Instead, it unilaterally abandoned its Escher-like spectacle seeking enjoinment or, alternatively, a parallel arbitration, and filed a one-sided discontinuance to end the case on September 6, 2019 (*See* ECF No. 35, *Id. at 1*, Exhibit 2). Like Pontius Pilate, the Estate moved to wash its hands of its prior claims and relief sought like nothing ever occurred. Subsequently, Roger Ailes participated in Petitioner's case beginning in 2016, and actively and fully participated in arbitration for over seven (7) years. This sequence confirms that the Estate was properly before the panel and waived any future objection by voluntarily choosing to remain a Defendant.

Second, the claim that all matters involving the Estate were resolved in probate is demonstrably false. The New York State Supreme Court also deemed this argument unpersuasive in its decision to deny enjoinment. Probate proceedings are non-adversarial by nature and rely solely on information provided by the executor and counsel. No adverse parties are present and no substantive litigation occurs.

Moreover, intentionally closing an estate during active litigation to evade financial liability constitutes a felony under New York law. Under N.Y. Penal Law § 175.35, offering a false instrument for filing with the intent to defraud is a class E felony. Similarly, N.Y. Penal Law § 190.65 (Scheme to Defraud) prohibits the use of misrepresentations to frustrate lawful claims. In *Matter of The Estate of Feuer*, 40 N.Y.S.3d 693 (N.Y. App. Div. 2016), the court held that dissolution of an estate while claims remained unresolved was improper and subject to reversal. Further, in *Matter of Smathers*, 2007 NY Slip Op 08569, and *Matter of Gifford*, 144 A.D.2d 742 (N.Y. App. Div. 1988), New York appellate courts ruled that executors may not use procedural devices to shield estates from liability. These actions are not merely improper—they illustrate criminal misconduct under applicable state law. A probate court's final order does not extinguish unresolved third-party claims arising from independent causes of action—especially so, when the Estate actively engaged in arbitration long after that order. This procedural event has no bearing on the Estate's legal exposure for its ongoing participation in arbitration, nor its subsequent breach of the arbitration clause.

Third, the assertion that Petitioner "dismissed" her claims against Roger Ailes in 2017 is grossly misleading. The dismissal was entered as a result of Mr. Ailes passing, substitution had not yet occurred, was done so without prejudice, and Petitioner reserving all rights. Respondents Fox News Network, LLC and the individual Defendants, Suzanne Scott, Dianne Brandi, Irena Briganti and William Shine did *not* object to the AAA Panel Order substituting Roger Ailes for the Estate upon his death.

Counsel Carroll's cherry-picked inclusion of an email from Petitioner's prior counsel as an exhibit stating Petitioner dismissed her claims against the Estate following Ailes' death is deliberately filed in isolation, purposefully excluding email and telephone discussions between counsel regarding the formation of the Estate, its executor, Elizabeth Ailes, and Petitioner's intentions to timely substitute the Ailes Estate in place of Roger Ailes following his passing. This precise exhibit was initially submitted to New York State Supreme Court in its original filing on May 1, 2018 by the same counsel, Brendan Carroll, and was flatly rejected by Judge David B. Cohen as a basis for enjoinment of the Estate from the arbitration. The Estate's contention regarding a Florida probate court ruling was equally unsuccessful before Judge Cohen.

Notably, in the 2018 action, the Estate sought a Temporary Restraining Order and permanent injunction against Petitioner—a clear breach of the arbitration clause's confidentiality provision by disclosing a dearth of sensitive information about the proceedings. That clause, drafted by Respondents, states that any breach of confidentiality constitutes a material breach of Petitioner's arbitration clause. Petitioner raised this issue with the arbitration panel. The panel declined to act, denying - yet again, Petitioner's right to due process and a rendering of Petitioner's arbitration clause unenforceable.

Most egregiously, after many years of full participation in case from its inception, and the arbitration following, Arbitrator Howard C. Edelman, without explanation, brief, evidence, oral argument or hearing, unilaterally erred in dismissing the Estate from the proceedings. In this context, lead arbitrator Edelman's actions can only be viewed as not only suspect, improper and prejudicial as outlined in the current Petition—but also likely collusive. Given his history of deleterious arbitral conduct, including a "substantial payout" to settle a lawsuit for collusion and

unjust enrichment in violation of New York Judiciary Law § 487 (*See Schwartz v. Edelman*, N.Y. Sup Ct. (2018). Failure to disclose same is a breach of the American Arbitration Association's Rules for Disclosures by Arbitrators and violates 9 U.S.C § 10(2)(3).

In light of the foregoing, Petitioner respectfully requests that the Court reject any request to dismiss the Estate at this juncture and include the Estate rightfully as a Respondent. Petitioner reiterates well-settled precedent that a court must determine jurisdictional primacy prior to matters of personal jurisdiction (*See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, (1998); *See also First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938 (1995). Petitioner reserves all rights to seek further relief with respect to the Estate's material breach of the arbitration clause, improper procedural conduct, and the coordinated effort to evade liability through post hoc jurisdictional maneuvers.

Respectfully submitted,

*/s/ Andrea K. Tantaros*

Andrea K. Tantaros