UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

ANDREA K. TANTAROS

*Petitioner*;                                                                        1:25-cv-961 (VSB)

-against-

FOX NEWS NETWORK, LLC, SUZANNE SCOTT,
IRENA BRIGANTI, DIANNE BRANDI,
WILLIAM SHINE, ELIZABETH AILES ON
BEHALF OF THE ESTATE OF ROGER AILES

*Respondents*.
_____x

### DECLARATION OF ANDREA K. TANTAROS REGARDING CONTINUED ARBITRATION ACTIVITY IN VIOLATION OF FEDERAL JURISDICTION

---

I, Andrea K. Tantaros, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Petitioner in the above-captioned matter. I submit this Declaration in further support of my Petition for a Temporary Restraining Order and Permanent Injunction and to formally document and object to continued arbitration activity occurring after this matter was filed in federal court.

2. On February 3, 2025, I filed a Petition and Emergency Motion for a Temporary Restraining Order with the United States District Court for the Southern District of New York, seeking to enjoin an arbitration proceeding being conducted by the American Arbitration Association ("AAA"). This Petition was filed immediately upon learning that the AAA, through Lead Arbitrator Edelman, intended to reach an adjudication after nine (9) years of stalling constituting abuse of process and additional lawfare using costly litigation as continued retaliation. This adjudication was set to be reached without previously scheduled hearings, a refusal to review, consider or hear critical evidence, and hold depositions, in direct violation of the Federal Arbitration Act and egregiously denying inherent rights to due process.

3. On February 5, 2025, I issued a comprehensive litigation hold notice to Arbitrator Edelman, the two remaining Panelists, and AAA, formally demanding preservation of all records, documents, emails, communications, and metadata relevant to AAA Case No. 01-16-0001-7288. This notice specifically cited the SDNY Petition filed on February 3, 2025 and included Edelman's personal, unsecure Gmail account used to conduct arbitral business in violation of Petitioner's arbitration clause and AAA Rules and Doctrine of Ethics regarding confidentiality. A copy of the litigation hold letter is attached hereto as **Exhibit 1 - "February 5, 2025 Litigation Hold"**. Failure to preserve such records constitutes grounds for sanctions under FRCP Rules 26 and 37(e).

4. On February 7, 2025, after the federal litigation was filed, the AAA panel issued an Interim Judgment. That judgment was based largely on my refusal to sign an unlawful confidentiality agreement, which violates CPLR § 5003-b. That ruling was entered without a hearing, requested amendments and alterations by me to the document generated by Respondents Fox News Network to ensure it was legally compliant to keep proceedings on track. This is further evidencing of denial of due process and violations under 9 U.S.C. § 10.

5. On February 28, I issued a formal letter citing the Arbitrators lack of jurisdiction to continue with arbitral proceedings at the urging of Respondents Fox News Network et al. to make a unilateral, abrupt, declaratory judgement on their sole, concocted and patently false claim for breach of contract without any proper motion procedure or my participation. A copy of that letter is attached hereto as **Exhibit 2 - "February 28, 2025 Letter to Arbitrators / AAA Administration Regarding Lack of Jurisdiction"**.

6. Despite the Litigation Hold Notice of February 5th 2025, I subsequently received a document dated March 10, 2025, sent by Arbitrator Edelman via a personal Gmail account, issuing a scheduling order in the arbitration. That order states that the Panel is "legally bound" to proceed absent a stay from SDNY and authorizes briefing on a new motion.

7. Edelman's March 10 communication is procedurally and ethically improper for several reasons:

   A. It was sent from an unsecure Gmail address in violation of AAA confidentiality standards; Edelman has utilized a public, unsecure email to conduct all communications regarding the arbitration including confidential/ highly sensitive information, documents, communications with other arbitrators and AAA personnel in violation of both Petitioner's arbitration clause and the AAA Rules and Doctrine of Ethics.
   B. It asserts authority to proceed after federal jurisdiction was invoked, in violation of FAA precedent;
   C. It bears only Edelman's signature and does not reflect the actual participation or vote of the full panel;
   D. It fails to address my allegations regarding arbitrator bias, procedural improprieties, and the illegality of the non-disclosure agreement at issue.

8. On March 20, 2025, I issued a formal cease-and-desist letter to the AAA, lead arbitrator Howard C. Edelman, Arbitrator Michael G. Berger and Dennis M. Cavanaugh informing them that all arbitration activity must cease due to the active jurisdiction of this Court. Failure to preserve such records constitutes grounds for sanctions under FRCP Rules 26 and 37(e). A copy of that letter is attached hereto as **Exhibit 3 – "Cease and Desist Arbitration to Arbitrators / AAA Administration Due to SDNY Jurisdiction".**

8. The AAA's continued activity and Edelman's post-filing communications are ultra vires and void under Supreme Court precedent. See *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938 (1995); *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79 (2002).

9. On May 1, 2018, the Estate of Roger Ailes filed of a Request for Temporary Restraining Order and Permanent Enjoinment from the arbitration in New York State Supreme Court. In stark contrast, the Arbitration Panel halted all proceedings until presiding Judge David B. Cohen ruled on the Estate's Order to Show Cause for a TRO Preliminary Injunction and Petition in Support. Judge Cohen scheduled oral argument on the aforementioned within two weeks of receiving the Estate's full filing.

10. These events constitute ongoing misconduct under FAA § 10(a)(2), (3), and (4), and reflect a disregard for the authority of this Court and the rights of Petitioner to judicial review.

I most respectfully request that the Court take notice of this conduct and grant the full relief sought in my Petition, including vacatur of any and all arbitration rulings, specifically post-filing on February 3, 2025.

Executed on April 1, 2025

*/s/ Andrea K. Tantaros*

Andrea K. Tantaros

Pro Se Petitioner