April 10, 2025

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

**Re: Case 1:25-cv-961 – Letter Motion Seeking Immediate Recusal or Reassignment**

Dear Judge Broderick:

Petitioner Andrea Tantaros respectfully submits this letter motion pursuant to 28 U.S.C. § 455(a) and (b)(1), as well as the Due Process Clause of the Fifth Amendment, to respectfully request Your Honor's immediate recusal or the reassignment of the above-captioned matter to a neutral judicial officer. This request is made in the interest of protecting the integrity of the judicial process and avoiding any appearance of impropriety or partiality.

**I. Legal Standard for Recusal and Reassignment**

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) further requires disqualification where the judge has "a personal bias or prejudice concerning a party." These standards are not dependent on whether actual bias exists but are instead designed to uphold public confidence in the fairness of the judicial system. As the Supreme Court has explained:

"Justice must satisfy the appearance of justice." *Offutt v. United States,* 348 U.S. 11, 14 (1954).

And reaffirmed in *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 860 (1988):

"[W]hat matters is not the reality of bias or prejudice but its appearance."

The Second Circuit has emphasized that even in the absence of overt misconduct, recusal is warranted where "an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal." *United States v. Bayless,* 201 F.3d 116, 126 (2d Cir. 2000). *See also In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008) (recusal required where "a reasonable person, knowing all the facts, would conclude that the judge's impartiality might reasonably be questioned").

## II. Grounds for Recusal or Reassignment

### 1. Prolonged Inaction on Emergency Relief

Despite full briefing by both Petitioner and Respondents on Petitioner's Emergency TRO and Petition requesting, *inter alia* a Preliminary and Permanent Injunction, vacatur of Arbitrator rulings and remand to district court (filed February 3, 2025), no ruling has been issued over two months later, notwithstanding Petitioner's repeated submissions to the Court demonstrating ongoing irreparable harm. Emergency TROs are acted upon within days or weeks, not months. In contrast, unsolicited filings from Respondents (including the Ailes Estate) devoid of factual or legal basis and necessary support have been acknowledged and acted upon. This disparate treatment may suggest "favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555 (1994).

### 2. Professional Association with Respondents' Lead Counsel

Your Honor's prior professional association with Mr. Jonathan Halpern—lead counsel for Respondents and a former Assistant U.S. Attorney as a subordinate under Your Honor's tenure—raises serious concerns.[1] The non-disclosed, pre-existing relationship creates a perception of partiality in violation of § 455(a). As held in *Pepsico, Inc. v. McMillen,* 764 F.2d 458, 460 (7th Cir. 1985), even a "close professional association" with counsel may necessitate recusal when it could reasonably be perceived as bias.

### 3. Ongoing Harm and Appearance of Improper Coordination

The arbitration panel in the underlying dispute has continued to operate in open defiance of the Emergency TRO and Preliminary and Permanent Injunctive relief pending before this Court and legal precedent. Petitioner issued a cease-and-desist notice; the AAA ignored it and has now scheduled additional motion briefing through April 28, 2025. This underscores further evidence of violations under 9 U.S.C. § 10. The Court's failure to issue injunctive relief—despite receiving timely notice—raises constitutional concerns under *Mathews v. Eldridge*, 424 U.S. 319 (1976), regarding deprivation without meaningful process.

### 4. Improper Reassignment of Related Case Without Procedure

Your Honor reassigned Petitioner's second-filed action (GMVA complaint, Case No. 1:25-cv-02567) to yourself as "related" without any formal Related Case Statement and approval by a three-judge panel in the event of opposition as required under SDNY Local Civil Rule 13(b)(1). The Second Circuit has recognized that case assignment procedures implicate due process and fairness. *See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 138 F.3d 33, 37 (2d Cir. 1998).

---

[1] It is worth noting that Jonathan Halpern, Esq. ("Halpern") was elevated to lead counsel only and upon the abrupt reassignment of this action from Laura Taylor Swain to Your Honor. Halpern does not serve as lead counsel in the arbitration proceedings, only matters before Your Honor.

This act contributes to the perception of "institutional bias," which is itself grounds for reassignment. *See United States v. Antar*, 53 F.3d 568, 573 (3d Cir. 1995) (reassignment required to "preserve the appearance of impartiality").

### III. Relief Requested

Petitioner respectfully requests:

1. Recusal from further proceedings in this matter under 28 U.S.C. § 455(a) and (b)(1);

2. Alternatively, that this matter be immediately reassigned to a different Article III Judge without prior or professional association with any party or counsel of record;

3. The record reflect the basis of this reassignment for transparency and appellate clarity.

### IV. Conclusion

This is not a pro forma motion, nor is it made lightly. It is respectfully submitted to preserve the appearance and reality of fairness—principles that the judiciary must protect above all. Petitioner submits that reassignment is now the only viable path to restore confidence in the impartial administration of this urgent matter.

Respectfully submitted,

*/s/ Andrea K. Tantaros*

Andrea K. Tantaros, Petitioner, *pro se*