April 25, 2025

The Honorable Vernon S. Broderick
U.S. District Court for the Southern District of New York
Thurgood Marshall Courthouse
New York, New York 10017

Case No. 1:25-cv-961 (VSB)

**LETTER MOTION TO CORRECT MATERIAL ALTERATION OR TAMPERING OF CASE CAUSE / NATURE OF ACTION AND REQUEST FOR IMMEDIATE ORDER TO CORRECT COURT DOCKETING ERROR**

Dear Judge Vernon S. Broderick:

Plaintiff respectfully notifies the Court and places into the record that a material, unauthorized and highly prejudicial recasting of the "Case Cause" has just occurred on the official Court docket in this matter. The Case Cause has unusually been altered within the last 72 hours to Case Cause "29:1401 (b)(2) E.R.I.S.A. Appeal Arbitration Award", a gross misrepresentation of the nature of Petitioner's suit (*See* Exhibit 1 – "Incorrect Case Cause on District Court Docket". The alteration oddly coincides in the hours that Petitioner was preparing a writ of mandamus and request for an order to stay all arbitration proceedings to be filed immediately with the U.S. Second Circuit Court of Appeals.[1]

This misclassification materially alters the procedural posture, standards of review, and adjudication framework of Petitioner's emergency application. The case properly arises under the Federal Arbitration Act (9 U.S.C. §§ 3–4) and Arbitration Enforceability for emergency equitable relief *before* arbitration proceedings are concluded, not *after*.

**Since February 3, 2025 the Case Cause Reflected Petitioner's Application For an Emergency TRO, Preliminary Injunction, Enjoinment and Stay of Arbitration Proceedings (See Dkt. 1-52).**

Petitioner challenges the validity, enforceability, or procedural integrity of a pending arbitration before an arbitration award has been rendered. The relief sought is pre-arbitration intervention to prevent irreparable harm, preserve the status quo, and adjudicate threshold questions of arbitrability and due process rights.[2] However, within

---

[1] Documentation can be forensically identified upon each record of filing, correspondence from the Court, and Respondents' own Reply in Opposition.

[2] Petitioner has filed one letter requesting a status update and expedited ruling sent on February 19, 2025 (See Dkt. 27), and three Letter Motions Requesting Expedited Ruling sent on March 4, 2025, March 21,

the last three days, the official docket has been altered to erroneously characterize Plaintiff's case as an appeal to an arbitration adjudication or award not yet rendered or rendered upon case initiation—"Case Cause 29:1401 (b)(2) E.R.I.S.A. Appeal Arbitration Award"—a legal impossibility and gross misstatement of the procedural posture.

### The Altered Case Classification is Strategically Damaging

Absent immediate correction the categorization states a different statutory basis for jurisdiction and standard of review. Petitioner's emergency rights could be wrongly denied, ignored, dismissed prematurely or judged under a deferential "award confirmation" standard instead of urgent equitable relief standards. The classification is extremely prejudicial in nature to Petitioner as mislabeling Petitioner's case could cause court clerks, judges, and even the Second Circuit Court of Appeals to treat the case improperly, dismissing it on the wrong standards, or ignoring emergency requests, relief, or even misrouting the action.

The current case cause, 29 U.S.C. § 1401(b)(2) is part of ERISA—the Employee Retirement Income Security Act of 1974. Specifically, Section 1401 deals with arbitration procedures for disputes over withdrawal liability under the multi-employer Pension Plan Amendments Act ("MPPAA"). Subsection (b)(2) addresses judicial enforcement or review of an arbitration award in a withdrawal liability dispute. Further, no final Arbitration Award has been granted, the arbitration is still pending and no application has been made to appeal, affirm or otherwise address any Arbitration Award.[3]

---

2025, and April 1, 2025 (See Dkt. Nos. 33, 41, 46). The Motions remain outstanding. The case has been fully briefed as of March 28, 2025. No decision has been issued as of today, April 25, 2025.

[3] Petitioner relies solely on the Pro Se Intake Office for all docketing of filings, captioning and case initiation categorization. Petitioner has access to PACER, but has no ability to e-file directly. Upon seeing the amended and incorrect Case Cause "29: 1401(b)(2) E.R.I.S.A. Appeal of Arbitration Award", Petitioner immediately spoke with Supervisor of Docketing Services on April 23, 2025 at 4:02 p.m., "Nick", to alert him of this highly improper case characterization that could have only been made through the Pro Se Intake Office or Clerk's office who commenced the case on behalf of Petitioner. He refused to correctly amend the Case Cause to the correct designation for application of an Emergency TRO, Preliminary Injunction, Enjoinment and Stay of Arbitration proceedings, Remand to Federal Court and vacatur of any arbitration orders to date despite reviewing the docket that reflects same on each filing, including Respondents' Reply in Opposition (*See* Dkt. 1-52). Nick deflected the serious, prejudicial docketing error and directed Petitioner to contact Judge Vernon S. Broderick directly to request his permission to amend the case cause to the correct corresponding cause. Subsequently, Petitioner spoke with the Clerk's office at 4:21 p.m. to flag the incident. The Clerk's office noted the information and routed Petitioner to the Pro Se Intake office to staffer "Curreto" who initiated the case docketing on February 3, 2025. He stated: "it has always been that way". Upon scrutiny of the filings urged by Petitioner he acknowledged the highly improper case cause and directed Petitioner to file a letter to the Court to document the situation and obtain permission from Judge Vernon S. Broderick to correct the case cause recognizing Petitioner's position that such an extraordinary error is highly improper, case-altering and must be rectified immediately. This highly irregular 'error' is not an isolated incident. It represents a pattern of habitual mistakes in docketing of

Petitioner's application and all subsequent filings, including correspondence from the Court and Respondents is very clearly not related to an arbitration dispute over withdrawal liability under the MPPAA or an appeal regarding same.

Petitioner states under penalty of perjury, pursuant to 28 U.S.C. § 1746, that no such modification was submitted, authorized, or reviewed by Petitioner. In point of fact, <u>Petitioner does not e-file</u> making any such profoundly errant case cause to be designated by Petitioner upon filing completely out of the question. All filings and docketing, including case captioning and cause listed, are filed with, and subject to docketing and designation by the Pro Se Intake Office.

This blatant mischaracterization constitutes:

1. A gross misrepresentation of the nature of suit and relief sought;
2. An active, highly prejudicial interference in Plaintiff's emergency application and Petition for Writ of Mandamus pending review before the United States Court of Appeals for the Second Circuit;
3. A possible violation of due process, the integrity of judicial records, and raises the specter of tampering, a fraud upon the Court or clerical sabotage.

## Requested Relief

Petitioner respectfully requests an immediate order directing the Clerk restore the original, accurate and appropriate case cause to the Court docket as filed reflecting Petition to Stay Enjoin Arbitration / Petition for Emergency TRO, Preliminary Injunction and Enjoinment.

The integrity of both Petitioner and the U.S. District Court for the Southern District of New York is a crucial component of a fair, accurate and above-board adjudication process and must be addressed without delay.

Respectfully submitted,

*/s/ Andrea K. Tantaros*

Andrea K. Tantaros, *Petitioner*

cc: Second Circuit Court of Appeals Judicial Council, cc: Department of Justice, Office of Inspector General (OIG), cc: FBI SA Chattaway

---

Petitioner's filings and incorrect information provided by the Pro Se Intake office since the case's inception. A formal letter and log with a specific timeline of events of each error to date necessitating correction was transmitted to Chief District Judge Laura Taylor Swain on April 9, 2025 for her attention and review (See Exhibit 2 – "April 16, 2025 Letter to Laura Taylor Swain Regarding Pro Se Intake Office Errors and Irregularities". All correspondence has been memorialized as evidence should it be necessary.