ANDREA K. TANTAROS

May 22, 2025

**<u>VIA ECF</u>**
Judge Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
New York, NY 10007

**RE: Status of Expedite Ruling and Application for Correction of Inaccurate and Altered Case Cause on SDNY Docket**

Dear Judge Broderick:

Petitioner Andrea K. Tantaros respectfully submits this letter to the Court regarding the absence of a ruling on her Emergency Petition for a Temporary Restraining Order, Preliminary Injunction, Enjoinment, Vacatur of all Arbitrator Rulings and a rendering of Petitioner's arbitration agreement unenforceable. See Dkt. No. 1, 6.

Petitioner filed the Emergency Petition requesting the aforementioned emergency relief on February 3, 2025—over 110 days ago—due to violations of the Federal Arbitration Act, irreparable economic, professional and personal reputational harm, Petitioner's unenforceable arbitration clause and jurisdictional impropriety given Respondent Fox News Network, LLC's prohibition from utilizing mandatory arbitration to adjudicate claims of *inter alia,* sexual harassment, sexual misconduct and retaliation.

On March 5, 2025 the Court issued an order stating "a ruling on Petitioner's request will issue after briefing from the parties." See Dkt. 34.

The application for Temporary Restraining Order, Preliminary Injunction, Enjoinment, Vacatur of all Arbitrator Rulings and a rendering of Petitioner's arbitration agreement unenforceable has has been fully briefed as of March 28, 2025, over fifty five (55) days ago without any ruling from the court.

Despite two supplemental letters and two Letter Motions to Expedite, including a Letter Motion to Expedite Ruling following full briefing by all Parties on April 1, 2025, the matter remains unresolved.

The arbitrators' continued activity and orders, including the refusal to stay proceedings, violates well-settled court precedent and further exacerbates the irreparable harm outlined in Petitioner's filings. See *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995); *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79 (2002).

On May 16, 2025 the Supreme Court issued an opinion in *AARP et al. v. Donald Trump, President of the United States*, that addressed inaction of district courts upon application for emergency relief. "A district court's inaction in the face of extreme urgency and a high risk of 'serious, perhaps irreparable', consequences may have the effect of refusing an injunction." See 16 C. Wright A. Miller, & E. Cooper, Federal Practices and Procedure 3924.1, pp. 174, 180-181 (3d ed. 2012) (quoting *Baltimore Contractors, Inc. vs. Bodinger,* 348 U.S. 176, 181, (1955)). The court continued: "Here, the District Court's inaction—not for 42 minutes but for 14 hours and 28 minutes had the practical effect of refusing an injunction...causing irreparable harm."

In this suit, the court's inaction has been unusually protracted constructively denying both emergency relief in the face of demonstrated mounting harm to Petitioner that is difficult to undo on appeal. Given the irregular delay of due process and the time that has passed since the matter has been fully briefed, Petitioner respectfully requests an expedited ruling from the court.

Further, on April 25, 2025 Petitioner filed a Motion seeking an order to correct the docket mischaracterization of the case cause outlining an erroneous alteration to the docket mid-litigation. Specifically, the case had been reclassified and docketed as "Cause 29:1401(b)(2) E.R.I.S.A.:Resolution of Disputes – Appeal of Arbitration Award".[1] See Dkt. 50.

This incorrect alteration is highly damaging and prejudicial. It is also a legal and factual impossibility given the comprehensive docket sheet filings that state the Nature of Suit (NOS) clearly and throughout each submission, including from, and by, Respondents and the court. The Pro Se Intake Office has inexplicably refused to correct the fraudulent case code which they entered necessitating a formal request via letter motion to issue an order from the court to rectify the misclassification to avoid further prejudice, damage, potential misrouting or confusion upon higher court review.

On May 19, 2025, Petitioner submitted a letter to the Clerk of the Court for a formal request of all official and internal docketing records, including but not limited to, Metadata from the ECF system, including timestamps, internal clerk notations, modification history, technical logs identifying the users who accessed or altered the docket during the period in question and identification of any orders—sealed or unsealed—that altered the scope, timing, or visibility of Petitioner's filing or which may have triggered reclassification or suppression. See Exhibit 1 – "Formal Records Request".

---

[1] Specifically, 29:1401(b)(2) is part of E.R.I.S.A, the Employee Retirement Income Security Act of 1974. Section 1401 deals with arbitration disputes over withdrawal liability under the Multi-employer Pension Plan Act ("MPPAA"). Subsection (b)(2) addresses judicial enforcement or review of an arbitration award in a withdrawal liability dispute. The court is well aware the action is most clearly not related to any ERISA law or other relevant legislation regarding pension withdrawal liability, nor has the arbitration reached a conclusion making the flawed 'Case Cause' on the docket a troublesome alteration that requires immediate action by order of the court to ensure the correct case code is properly stated.

Petitioner respectfully requests:

1. A ruling on her Order to Show Cause and Emergency Petition for a Temporary Restraining Order, Preliminary Injunction, Enjoinment, Vacatur of all Arbitrator Rulings; and

2. A brief and timely order directing the Clerk of Court to rectify the case code to reflect the aforementioned nature of the pending suit before the court to preserve docket integrity and accuracy.

Respectfully,

*/s/ Andrea K. Tantaros*

Andrea K. Tantaros, Petitioner

302A West 12th Street
Suite 120
New York, New York
andreanaktantros@tutanota.com